UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Jacob Amrani, ) | |
| ) | |
| Plaintiff, ) | 2:12-cv-2583 JWS |
| ) | |
| vs. ) | ORDER AND OPINION |
| ) | |
| United States of America, ) | [Re: Motion at docket 189] |
| ) | |
| Defendant. ) | |

**I.  MOTION PRESENTED**

At docket 189 plaintiff Jacob Amrani ("Dr. Amrani") asks the court to preclude testimony from Dr. Shayam Shridharani ("Dr. Shridharani") about Dr. Armani's earning potential on the grounds that he is not competent to offer opinion testimony pursuant to Federal Rule of Evidence 702.  Defendant United States of America ("United States") opposes at docket 192.  No reply has been filed.  Oral argument would not assist the court.

**II.  BACKGROUND**

Dr. Amrani is a board certified orthopedic surgeon who specialized in spine surgery.  He practiced for many years in Kansas, but moved to Phoenix in 2006. Dr. Amrani's practice in Phoenix was conducted at his own clinic, the Deer Valley Spine

Center.   Because he is a veteran, Dr. Amrani is eligible to receive his own medical care from the Veteran's Administration ("VA").

Dr. Amrani had been an avid weightlifter and injured his right shoulder lifting weights.  At first, Dr. Amrani avoided seeking care from another physician.  Eventually Dr. Amrani sought treatment at the VA hospital in Phoenix.  Dr. Amrani was placed under the care of Dr. Cranford, a board certified orthopedic surgeon employed by the VA hospital.  On November 17, 2011, Dr. Cranford performed right shoulder rotator cuff surgery on Dr. Amrani.  The surgery included excision of a soft tissue mass in the shoulder.  As a result of the surgery, Dr. Amrani experienced some degree of damage to the axillary nerve.  Dr. Amrani claims that the excision of the soft tissue mass was undertaken without his consent, was performed negligently, and resulted in the nerve damage.  Dr. Amrani claims that as a result of the medical negligence of Dr. Cranford, he has experienced a substantial loss of function in his right shoulder and right arm which has deprived him of the ability to practice spine surgery and has generally interfered with his enjoyment of life.  Dr. Amrani seeks in excess of $6.2 million in damages.

The United States retained Dr. Shridharani to determine and offer opinion testimony relating to Dr. Amrani's earning capacity.  Dr. Amrani asks the court to preclude the opinion testimony on the grounds that Dr. Shridharani does not qualify to offer such testimony under Federal Rule of Evidence 702.

### III. STANDARD OF REVIEW

Rule 702 permits opinion testimony by an expert when the witness is qualified and the witness's opinion is relevant and reliable.[1]  With respect to Rule 702, "a district court's inquiry into admissibility is a flexible one."[2]  The purpose of the district court's inquiry is "to screen the jury from unreliable nonsense opinions" and not to "exclude opinions merely because they are impeachable."[3]  The district court functions as a "gatekeeper, not a fact finder."[4]

Under Rule 702, a witness "is qualified as an expert by knowledge, skill, experience, training, or education."[5]  "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry.  And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline."[6]  The district court's task in screening a scientific opinion for reliability has been explained in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*[7] and its progeny.  "The court must assess the expert's reasoning or methodology, using as appropriate criteria such as testability, publication in peer-reviewed literature, known or

---

[1] Fed. R. Evid. 702.

[2] *City of Pomona v. SQM North America Corp.*, 750 F. 3d 1036, 1043 (9th Cir. 2014).

[3] *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013).

[4] *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010) (internal quotation omitted).

[5] Fed. R. Evid. 702.

[6] *Primiano*, 598 F.3d at 565 (internal quotation omitted).

[7] 509 U.S. 579 (1993).

potential error rate, and general acceptance."[8]  When non-scientific testimony is at issue, the *"Daubert* factors (peer review, publication, potential error rate, etc.) simply are not applicable . . . ."[9]  The reliability of such non-scientific testimony depends more "on *the knowledge and experience* of the expert, rather than the methodology or theory behind it."[10]

## IV.  DISCUSSION

Dr. Shridharani is a board certified orthopedic surgeon who has completed a fellowship in spine surgery.  He is currently an assistant professor of orthopedic surgery at the University of Arizona College of Medicine in Tucson.  His curriculum vitae is lengthy and impressive.  His training and experience as a spine surgeon establish that Dr. Shridharani is qualified to testify about what medical and surgical procedures fall within the ambit of orthopedic spine surgeons.  Furthermore, his deposition testimony shows that he is familiar with the particular surgical procedures Dr. Amrani has performed subsequent to his own shoulder surgery.  The deposition testimony also shows that Dr. Shridharani is familiar with the use of spinal injections in the treatment of back problems.  Dr. Shridharani is of the opinion that Dr. Amrani is capable of administering spinal injections despite the sequella of his own surgery.

---

[8] *City of Pomona*, 750 F.3d at 1044.

[9] *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) (quoting *United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000)).

[10] *Id.*

Dr. Shridharani's opinion is based on his own training and experience as an orthopedic spine surgeon.

Dr. Amrani's principal objection to Dr. Shridharani's qualification is that he is not a vocational rehabilitation specialist. That objection misses the point. Dr. Shridharani is not offering an opinion about vocational rehabilitation. His opinion is directed at the services Dr. Amrani can actually provide as an orthopedic spine surgeon. That is an area in which Dr. Shridharani is obviously qualified.

Dr. Amrani also points out that Dr. Shridharani has only six years of experience as an orthopedic surgeon, that he has generally worked as an employee in large practice groups rather than as a surgeon with his own private practice, such as the one Dr. Amrani has operated, that he has never practiced in Phoenix, and that he is unfamiliar with the market for surgeons in Phoenix. These concerns go to the weight of Dr. Shridharani's testimony, not its admissibility.

Dr. Shridharani's testimony will not address all of the issues relating to Dr. Amrani's earning capacity. Nevertheless, what he has to say about the kind of services that could be provided to patients by Dr. Amrani will be helpful to the trier of fact. Dr. Shridharani will be allowed to offer opinion testimony under Rule 702.

## V.  CONCLUSION

For the reasons above, the motion at docket 189 is DENIED.

DATED this 10th day of December 2014.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE

5