UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jacob Amrani, | ) | |
| | ) | |
| Plaintiff, | ) | 2:12-cv-2583 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| United States of America, | ) | [Re: Motion at docket 187] |
| | ) | |
| Defendant. | ) | |

## I. MOTION PRESENTED

At docket 187 plaintiff Jacob Amrani ("Dr. Amrani") asks the court to foreclose introduction of anonymous internet postings as character evidence. Defendant United States of America ("United States") responds at docket 190. No reply has been filed. Oral argument would not assist the court.

## II. BACKGROUND

Dr. Amrani is a board certified orthopedic surgeon who specialized in spine surgery. Dr. Amrani's practice in Phoenix was conducted at his own clinic, the Deer Valley Spine Center. Because he is a veteran, Dr. Amrani is eligible to receive his own medical care from the Veteran's Administration ("VA"). Some time after he suffered a severe injury to his right should while weightlifting, Dr. Amrani sought treatment at the

VA hospital in Phoenix.  Dr. Amrani was placed under the care of Dr. Cranford, a board certified orthopedic surgeon who performed right shoulder rotator cuff surgery on Dr. Amrani.  The surgery included excision of a soft tissue mass in the shoulder.  Dr. Amrani claims that as a result of the medical negligence of Dr. Cranford, he has experienced a substantial loss of function in his right shoulder and right arm which has negatively affected his ability to practice surgery and thus reduced his income.  In this lawsuit Dr. Amrani seeks more than $6 million in damages.

Dr. Amrani has been the subject of anonymous negative postings on the internet which relate to his surgical practice ("the postings").  Use of the postings at trial is the issue raised in the motion at hand.

### III.  DISCUSSION

Dr. Amrani asserts that the United States intends to introduce the postings to prove "that Dr. Amrani is the type of physician the anonymous posters describe."[1]  To support exclusion of the postings, Dr. Amrani argues that the postings are hearsay, lack foundation, and are highly prejudicial.  In its response, the United States represents that it has no intention of introducing the postings for the truth of their content.  Rather, the United States plans to introduce the postings solely for the proposition that such negative information is available on the internet and that the postings effect decisions made by prospective patients, which in turn has an impact on Dr. Amrani's potential income.

---

[1] Doc. 187 at p. 1

It is obvious that the postings may not be introduced for the truth of their contents and the finder of fact (in this case the court) will not take them into account for that purpose. However, the court agrees with the United States that the existence of such negative "publicity" may play a role with respect to the income which might be generated from Dr. Amrani's surgical practice. The court will insist that a proper foundation be laid before the postings are admitted, meaning that the defendant must first provide evidence showing that the postings are readily available on the internet and evidence showing what impact such negative publicity may have on a doctor's practice.

### IV.  CONCLUSION

For the reasons above, the motion at docket 187 is GRANTED in part and DENIED in part as follows: The postings may not be introduced as evidence of the truth of their content. The postings may be introduced for the limited purpose of helping the court to evaluate Dr. Amrani's damage claim, provided that the United States first lays an adequate foundation.

DATED this 10th day of December 2014.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE