1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Jacob Amrani,** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| **Plaintiff,** | |
| **vs.** | |
| **United States of America,** | |
| **Defendant.** | |

**2:12-cv-2583 JWS**

**ORDER AND OPINION**

**[Re: Motion at Docket 222]**

## I.  MOTION PRESENTED

At docket 222 plaintiff Jacob Amrani ("Amrani") moves for an order precluding all standard of care and causation testimony from two defense witnesses, Dr. Sumit Dewanjee and Dr. Harold Dossett.  At docket 227 defendant United States of America ("United States") responds.  Amrani did not file a reply. Oral argument was requested, but would not assist the court.

## II.  BACKGROUND

Amrani is a board certified orthopedic surgeon who specialized in spine surgery and conducted his practice at his own clinic, the Deer Valley Spine Center.  Amrani is a veteran eligible to receive his own medical care from the Veteran's Administration ("VA").  After suffering a severe injury to his right should while weightlifting, Amrani sought treatment at the Phoenix VA Hospital in Phoenix.  There, Amrani was placed under the care of Dr. Cranford, a board certified orthopedic surgeon who performed right shoulder rotator cuff surgery on Amrani.  The surgery included excision of a soft tissue mass.  Amrani claims that as a result of Cranford's negligence, he has experienced a substantial loss of function which has negatively impacted his ability to

1 | practice surgery and thus has reduced his income.  Amrani seeks more than $6 million
2 | in damages.

3 | The United States has named two physicians, Dr. Sumit Dewanjee and
4 | Dr. Harold Dossett, along with many other persons, as witnesses who will testify at trial.
5 | Dewanjee is an orthopedic surgeon at the hospital.  Dossett is an orthopedic surgeon
6 | who was the chief of orthopedics at the hospital.  Amrani seeks to exclude any
7 | testimony from these two doctors which addresses the standard of care applicable to
8 | Cranford's actions and any testimony relating to the cause of Amrani's condition.

9 | ### III.  DISCUSSION

10 | Amrani contends that the testimony he seeks to exclude would be improper
11 | expert testimony, would duplicate testimony from the United States' retained experts,
12 | was not timely disclosed, and should be excluded under Rule 403 of the Federal Rules
13 | of Evidence.  Amrani points out that Dossett did not examine or lay hands on Amrani.
14 | However, Dossett was consulted by Cranford for advice on how to proceed.  Dossett
15 | helped Cranford develop a surgical plan which Dossett approved and Cranford carried
16 | out.  Dewanjee was also consulted by Cranford.  Dewanjee reviewed Amrani's MRI and
17 | examined Amrani prior to surgery.  He then assisted Cranford with the surgery.

18 | As treating physicians, neither Dossett nor Dewanjee had to be identified and
19 | disclosed as expert witnesses.  They may testify as percipient witnesses and may offer
20 | opinion testimony provided that the opinions were formed in the course of treatment.[1]
21 | It follows that there is no merit in Amrani's arguments that their testimony would be
22 | improper expert testimony, unless the United States were to attempt to elicit an opinion
23 | at trial which was not formed during the course of treatment.[2]  Amrani was well aware of
24 | the roles of Dossett and Dewanjee from the depositions of Cranford and Dewanjee.  In

25 |
26 |
27 | [1]*Goodman v. Staples The Office Store*, 644 F.3d 817, 826 (9th Cir. 2011).
28 | [2]Should that occur, Amrani may interpose an objection at trial.

addition, their anticipated testimony was disclosed in the United States' final witness list.  The argument that their testimony was not timely disclosed also fails.

Amrani's argument that Dewanjee's testimony and Dossett's testimony would be cumulative of the testimony to be given by the United States' retained experts misses the target.  As treating physicians, their testimony may overlap that of the retained experts, but it is a critical part of the evidence to be considered.  This is unlike the situation where a party seeks to call multiple retained experts to state the same opinion.

Amrani's reliance on Rule 403 is misplaced.  The two doctors' testimony is clearly relevant.  It is therefore admissible unless its probative value is substantially outweighed by the risk of unfair prejudice, confusing the issues, misleading the finder of fact, unduly delaying the trial or needlessly cumulating the evidence.  There is no unfair prejudice to Amrani, who learned about what Dewanjee and Dossett did in depositions.  Far from confusing the issues, the testimony will assist the finder of fact in understanding and evaluating the surgical plan followed by Cranford.  Testimony about what was done by the treating doctors will certainly not mislead the finder of fact, for it is the quality of Amrani's treatment which will have to be evaluated by the finder of fact.  The testimony will not unduly delay the trial.  Finally, as noted above, the testimony is not cumulative.

### IV.  CONCLUSION

For the reasons above the motion at docket 222 is DENIED.

DATED this 14th day of 2015.


/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE